IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KRISTIAN JORDAN                                                                                          PLAINTIFF

V.                              NO.  4:08cv00567 JLH-JWC

DRU REED, et al                                                                                       DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff's original complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under 28 U.S.C. § 1915A.  By order entered July 3, 2008 (doc. 3), Plaintiff was instructed to amend his complaint to specifically provide an explanation to seven (7) separate questions posed.  Although Plaintiff timely complied by filing an amended complaint that named Dru Reed and Hugh Gentry as Defendants (see doc. 6), the amendment was largely non-responsive.  Based on his prompt response to the Court, Plaintiff was given one final opportunity to properly amend his complaint.  By order entered September 2, 2008 (doc. 7), Plaintiff was directed to specifically explain: 1) how Defendants Reed and Gentry were personally involved in or had knowledge of the actions of which he complained; 2) how Defendants Reed and Gentry violated his constitutional rights; 3) the physical injury he allegedly suffered as a result of Defendants' actions; and 4) whether he intended to sue Defendants in an individual capacity, official capacity, or both.  Plaintiff was directed to file the amendment on or before October 3, 2008.  Plaintiff was additionally given a final warning— his failure

to make a timely and complete response to the Court's order would result in the recommended dismissal of his case without prejudice.

The Court's September 2, 2008, order has not been returned and no responsive filing has been received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Saline County Detention Facility.[1]  For this reason, Plaintiff's case should be dismissed without prejudice due to his failure to prosecute the action diligently and his failure to respond to the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); <u>Brown v. Frey</u>, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting <u>Haley v. Kansas City Star</u>, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with <u>any</u> court order; such a dismissal may be <u>with</u> prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co</u>., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

---

[1] The Arkansas Department of Correction website indicates that Plaintiff's current facility is the "Saline County Waiting List."

2. Any PENDING MOTIONS should be DENIED AS MOOT.

DATED this 15th day of October, 2008.

                                                                                         UNITED STATES MAGISTRATE JUDGE